IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SUZANNE ROERIG MENDENALL, PERSONAL REPRESENTATIVE OF THE ESTATE OF EVERETTE EUGENE MENDENALL, | ) ) ) ) ) | Civil No. 2:11-cv-01291-DCN |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| WALTERBORO VENEER, INC., STANDARD PLYWOODS, INC., ANDERSON HARDWOOD FLOORS, INC., ANDERSON HARDWOOD FLOORS, LLC, SHAW INDUSTRIES, INC., AND SHAW INDUSTRIES GROUP, INC., | ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the court on plaintiff's motion to remand. Plaintiff argues that complete diversity of citizenship does not exist, and therefore, jurisdiction under 28 U.S.C. § 1332 is improper. Defendants argue that plaintiff fraudulently joined Walterboro Veneer, Inc. and Standard Plywoods, Inc., the only South Carolina defendants, and complete diversity exists for the remaining parties. For the reasons set forth below, the court denies plaintiff's motion.

## I.  BACKGROUND

On February 28, 2011, plaintiff Suzanne Mendenall, as the personal representative of the estate of her deceased husband Everette Mendenall, filed an amended complaint in state court against defendants Walterboro Veneer, Inc.; Standard Plywoods, Inc.; Anderson Hardwood Floors, Inc.; Anderson Hardwood

1

Floors, LLC; Shaw Industries, Inc.; and Shaw Industries Group, Inc. for wrongful death and a survival action. Defendants removed the case to federal court on May 27, 2011. Plaintiff filed the instant motion for remand on June 24, 2011.

Plaintiff's complaint alleges that on May 28, 2008, Mr. Mendenall fell into a vat when he was attempting to access a steam leak for repairs at a plant in Colleton County (Colleton Plant). Comp. ¶¶ 12-13. The vat was filled with a heated solution, which burned ninety percent of Mr. Mendenall's body and eventually caused his death on June 6, 2008. Comp. ¶ 13. Anderson Hardwood Floors, Inc. had hired Mr. Mendenall on January 28, 2008 to work at the Colleton Plant. Comp. ¶ 13.

Plaintiff alleges that faulty design and construction of the vat, in part, caused Mr. Mendenall's fall. Comp. ¶ 15. Plaintiff claims that Standard Plywoods, Inc. constructed the vat in 2003 at the Colleton Plant. At the time, Walterboro Veneer, Inc. owned the Colleton Plant, and Standard Plywoods was a subsidiary of Walterboro Veneer. Comp. ¶ 12. Both Walterboro Veneer and Standard Plywoods were South Carolina corporations. Comp. ¶¶ 4, 11. However, on December 31, 2007, Walterboro Veneer merged into Standard Plywoods, and one minute later, Standard Plywoods merged into Anderson Hardwood Floors, Inc.[1] Pl.'s Mem. Mot. Remand 2; Notice Removal Ex. D-E. Anderson Hardwood Floors, Inc. is a Georgia corporation.[2] Comp. ¶¶ 6-10.

## II.  DISCUSSION

To establish fraudulent joinder, the removing party must prove "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the

---

[1] Plaintiff's complaint lists the date as December 19, 2007. Comp. ¶ 5.
[2] On August 8, 2009, Anderson Hardwood Floors, Inc. converted to Anderson Hardwood Floors, LLC, another Georgia corporation.

in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (citations omitted). Defendant's burden "is heavy," requiring defendant to show "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. "Further, in determining whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Id. (citations omitted). Finally, courts determine jurisdiction based on the date plaintiff filed her complaint, or in limited circumstances, by events that transpire after the complaint has been filed. See Rockwell Intern. Corp. v. United States, 549 U.S. 457, 473-74 (2007); Yarnevic v. Brink's, Inc., 102 F.3d 753, 754-55 (4th 1996).

  Walterboro Veneer and Standard Plywoods did not exist at the time plaintiff filed her complaint or even when Mr. Mendenall fell or was hired by Anderson Hardwood Floors, Inc. See Comp. ¶ 13; Pl.'s Mem. Mot. Remand 2. South Carolina Code § 33-11-106 establishes that "when a merger takes effect: every other corporation party to the merger merges into the surviving entity and the separate existence of every corporation except the surviving entity ceases . . . [and] the surviving entity has all liabilities of each corporation party to the merger." The Official Comment to the section describes the parties to the merger as "disappearing corporations." See also S.C. Code Ann. § 33-11-101 (Official Comment) ("A merger is a transaction by which one or more corporations disappear into the surviving corporation, which becomes vested with all the business and assets, and becomes

3

liable for the debts and liabilities of each disappearing corporation."). Georgia law prescribes the same result. O.C.G.A. § 14-2-1106(a). Every circuit addressing a similar state statute has found that the separate existence of the merged corporation ceases and the surviving corporation's citizenship is determinative of jurisdiction. See Meadows v. Bicrodyne Corp., 785 F.2d 670, 672 (9th Cir. 1986); Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543, 548-49 (7th Cir. 1975). No South Carolina corporation existed whom plaintiff could have sued at the date she filed her complaint. See Meadows, 785 F.2d at 672; Hoefferle Truck Sales, 523 F.2d at 548-49.

     Plaintiff does not contest this interpretation of the law, stating in the conclusion to its memorandum that "[b]ased on South Carolina law governing merged entities, it appears an action can only be maintained against the surviving entity, Anderson, Inc." Pl.'s Mem. Mot. Remand 7. Plaintiff complains, however, that the application of the merger statute inequitably prevents it from recovering for its injuries because the existing corporation, Anderson Hardwood Floors, is immune from certain liability under South Carolina Code § 42-1-540 as Mr. Mendenall's employer. As of the date of this order, plaintiff does not allege that the South Carolina corporations merged with Anderson Hardwoods Floors, Inc. in order to avoid liability, nor does she allege any other form of bad faith. Plaintiff provides no law upon which this court could relinquish jurisdiction, nor does the court find any proper method to do so. Plaintiff cannot establish a cause of action against the in-state defendants because at the time she filed her complaint, the in-state defendants had already "disappeared" into the out-of-state defendant. Complete diversity existed

4

between the surviving corporation and plaintiff at the time plaintiff filed her complaint, therefore, remand is inappropriate.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiff's motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**December 1, 2011
Charleston, South Carolina**