**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| SUZANNE ROERIG MENDENALL, ) <br> PERSONAL REPRESENTATIVE OF THE ) <br> ESTATE OF EVERETTE EUGENE ) <br> MENDENALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDERSON HARDWOOD FLOORS, ) <br> LLC, SHAW INDUSTRIES, INC., AND ) <br> SHAW INDUSTRIES GROUP, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | No. 2:11-cv-01291-DCN <br><br> **ORDER** |

This matter is before the court on plaintiff's motion to certify a question to the South Carolina Supreme Court. Because this case involves a question of South Carolina law that is determinative of the action and has not been addressed by the controlling precedent of the South Carolina Supreme Court, the court grants plaintiff's motion.

## I.   STANDARD

South Carolina Appellate Court Rule 244 provides that the South Carolina Supreme Court

> in its discretion may answer questions of law certified to it by any federal court of the United States . . . when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

SCACR 244(a). The certification order must set forth: (1) "the questions of law to be answered"; (2) "all findings of fact relevant to the questions certified"; and (3) "a

1

statement showing fully the nature of the controversy in which the questions arose." SCACR 244(b).

## II.  BACKGROUND AND FACTUAL FINDINGS[1]

On February 28, 2011, plaintiff Suzanne Roerig Mendenall (Mendenall), as the personal representative of the estate of her deceased husband Everette Mendenall (Mr. Mendenall), filed an amended complaint in state court for wrongful death and a survival action against defendants Walterboro Veneer, Inc.; Standard Plywoods, Inc.; Anderson Hardwood Floors, Inc.; Anderson Hardwood Floors, LLC; Shaw Industries, Inc.; and Shaw Industries Group, Inc. (collectively, defendants).  Defendants removed the case to federal court on May 27, 2011.  This court denied a motion to remand.  Defendants filed a motion to dismiss on June 3, 2011, to which plaintiff filed a response in opposition on July 1, 2011, along with a motion to certify a question on November 2, 2011.

On March 1, 2012, this court held a hearing on the motion to dismiss and motion to certify a question.  The court dismissed without prejudice defendants Walterboro Veneer, Inc., Standard Plywoods, Inc., and Anderson Hardwood Floors, Inc.  Plaintiff has since indicated that she will be filing a motion to amend her complaint to allege further allegations against Shaw Industries, Inc., Shaw Industries Group, Inc., and Anderson Hardwood Floors, LLC.  The court granted plaintiff's motion to certify a question.

Walterboro Veneer, Inc. was a South Carolina corporation that owned and operated a wood products manufacturing plant.  See Compl. ¶¶ 2, 11.  In 2003, Walterboro Veneer, Inc. constructed a cement vat, "Vat #3," for the purpose of soaking hardwood logs in a highly heated solution prior to milling.  Id. ¶ 12.  On December 31,

---

[1] In light of the procedural posture of this case, the facts set forth herein are essentially the allegations in the plaintiff's amended complaint, which, for the purposes of the instant motion, the court accepts as true.

2007, Walterboro Veneer merged with Standard Plywoods, Inc.  Pl.'s Mem. Opp. Mot. to Dismiss 2.  One minute later, Standard Plywoods, Inc. merged with Anderson Hardwood Floors, Inc.  Id. ¶ 6.

On January 28, 2008, Anderson Hardwood Floors, Inc. hired Mr. Mendenall to work at a plant in Colleton County, South Carolina, the same plant that was formerly owned and operated by Walterboro Veneer, Inc.  Four months into his employment, Mr. Mendenall fell into Vat #3 when he was attempting to access a steam leak for repairs.  Id. ¶¶ 12-13.  The vat was filled with a solution heated to approximately 193 degrees Fahrenheit, which burned ninety percent of Mr. Mendenall's body and eventually caused his death on June 6, 2008.  Id. ¶ 13.

After these incidents, on August 8, 2009, Anderson Hardwood Floors, Inc., Mr. Mendenall's former employer, became Anderson Hardwood Floors, LLC.  Pl.'s Mem. Opp. Mot. to Dismiss 2.

### III.   NATURE OF THE CONTROVERSY

The exclusivity provision of the South Carolina Workers' Compensation Act precludes an employee from maintaining an action in tort against the employer when the employee sustains a work-related injury.  S.C. Code Ann. § 42-1-540.  This exclusivity doctrine creates a balance:  "the employee gets swift, sure compensation, and the employer receives immunity from tort actions by the employee."  Strickland v. Galloway, 560 S.E.2d 448, 449 (S.C. Ct. App. 2002).  This case involves the application of the exclusivity doctrine in the corporate merger context, in which "every other corporation party to the merger merges into the surviving entity and the separate existence of every corporation except the surviving entity ceases," S.C. Code Ann. § 33-11-106(a)(1), and

"the surviving entity has all liabilities of each corporation party to the merger," id. § 33-11-106(a)(3).

At the time of his accident, Mr. Mendenall was employed by Anderson Hardwood Floors, Inc.; thus, the exclusivity doctrine bars a direct action against this defendant in tort based on a work-related injury. Moreover, as a result of the South Carolina merger statute, defendants Walterboro Veneer, Inc. and Standard Plywoods, Inc. have ceased their corporate existence and may not be sued directly. Plaintiff instead argues that Walterboro Veneer's inchoate liability in designing and constructing a defective vat passed to Anderson Hardwood Floors, Inc. (now Anderson Hardwood Floors, LLC) as a result of the merger.

Plaintiff relies on the "dual persona" doctrine to argue that the court should hold Anderson Hardwood Floors, LLC liable for the allegedly tortious acts of its predecessors. This doctrine renders an employer "vulnerable to a tort action by an employee if the employer has a second persona completely independent from and unrelated to its status as an employer that is legally recognized as a separate legal identity." 82 Am. Jur. 2d Workers' Compensation § 56. Plaintiff argues that Anderson Hardwood Floors, LLC has a "dual persona" both as Mr. Mendenall's employer as well as the successor in interest to the liabilities of Walterboro Veneer, Inc. Based on this latter persona, plaintiff contends that Anderson Hardwood Floors, LLC should be held liable for the allegedly negligent acts of its corporate predecessors in designing and constructing Vat #3.

The dual persona doctrine has been recognized and applied by courts in other jurisdictions. See, e.g., Van Doren v. Coe Press Equip. Corp., 592 F. Supp. 2d 776 (E.D. Pa. 2008) (applying Pennsylvania law); Stayton v. Clariant Corp., 10 A.3d 597 (Del.

4

2010); Billy v. Consol. Mach. Tool Corp., 412 N.E.2d 934 (N.Y. 1980).  However, not all jurisdictions have adopted the dual persona doctrine or applied it favorably to a plaintiff's case.  See, e.g., Braga v. Genltye Grp., Inc., 420 F.3d 35 (1st Cir. 2005) (applying Massachusetts law); Corr v. Willamette Indus., Inc., 713 P.2d 92 (Wash. 1986).

The South Carolina Supreme Court has expressly rejected a related theory, the "dual capacity" doctrine, see Johnson v. Rental Unif. Serv. of Greenville, 447 S.E.2d 184 (S.C. 1994), but has neither accepted nor rejected the "dual persona" doctrine.  In Tatum v. Medical University of South Carolina, 552 S.E.2d 18 (S.C. 2001), the South Carolina Supreme Court reversed the Court of Appeals' decision that found the dual persona doctrine applicable to the facts of that case.  The Supreme Court stated, "Even if we were to adopt the 'dual persona' doctrine, it is inapplicable in this situation."  Id. at 25.[2]

Based on the lack of controlling precedent, and because the applicability of the dual persona doctrine is determinative of this case, the court finds it necessary to certify a question to the South Carolina Supreme Court.

## IV.  CERTIFIED QUESTION

The court certifies the following question:

> Does the "dual persona" doctrine allow an injured employee to bring an action in tort against his employer as a successor in interest who, through a corporate merger, received all liabilities of a predecessor corporation that never employed the injured person but allegedly performed the negligent acts that later caused the employee's injuries, or is such an action barred by the exclusivity provision of the South Carolina Workers' Compensation Act?

---

[2] The Supreme Court noted that several other jurisdictions "have adopted the 'dual persona' doctrine in the context of product liability suits by employees" and "have applied the 'dual persona' doctrine where the employer has other legally-recognized identities."  Id. at 23-24.  Rather than predict how a South Carolina court would rule in this case, the court finds it more prudent to certify this question to the South Carolina Supreme Court.

## V.   CONCLUSION

Based on the foregoing, the court **GRANTS** plaintiff's motion and **CERTIFIES** the foregoing question to the South Carolina Supreme Court.  The clerk shall forward a copy of this order to the Supreme Court under this court's official seal.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2012**
**Charleston, South Carolina**